JOHN B. GAINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gainer v. Commissioner
Docket No. 10166-86.
United States Tax Court
T.C. Memo 1988-416; 1988 Tax Ct. Memo LEXIS 449; 56 T.C.M. (CCH) 39; T.C.M. (RIA) 88416; September 1, 1988. *449 Petitioner claimed a depreciation deduction and an investment tax credit for 1981 with respect to a FoodSource container which was not placed in service or available for use during that year. In making the claim to the deduction and credit, petitioner overstated his basis. Held: The underpayment for 1981 was not attributable to an overstatement of petitioner's basis within the meaning of sec. 6659, I.R.C. 1954. Todd v. Commissioner,89 T.C. 912 (1987), on appeal (5th Cir., Jan. 26, 1988), followed. Richard G. Helzer, for the petitioners. William H. Quealy, Jr., for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1981 in the amount of $ 5,161 together with additions to tax under section 6653(a) [1] in the amount of $ 258 and under section 6659 in the amount of $ 1,548. The parties have settled all issues except one: Whether petitioner is liable for the addition to tax imposed by section 6659. The resolution of that issue turns on whether the underpayment of petitioner's income tax for 1981 was attributable to a valuation overstatement within the meaning of that section. All the facts are stipulated. Petitioner was a resident of Palo Alto, California, when he filed his petition. On September 29, 1981, he paid $ 4,500 by check and executed a $ 21,500 promissory note for the acquisition of a 10-percent interest in a FoodSource *452 container. On his income tax return for 1981, petitioner claimed a depreciation deduction and an investment tax credit with respect to the container even though it was neither placed in service nor made available for use in that year. He computed the deduction and credit by using a tax basis of $ 26,000 or 10 percent of $ 260,000 for his interest in the container. The fair market value of the FoodSource container was between $ 52,000 and $ 60,000, and petitioner's basis in his interest was only $ 4,500, the amount of his cash investment. The pertinent language of section 6659 on which the disputed addition to tax depends is as follows: (a) Addition to the Tax. -- If -- (1) an individual, or (2) a closely held corporation or a personal service corporation, has an underpayment of the tax imposed by chapter 1 for the taxable year which is attributable to a valuation overstatement, then there shall be added to the tax an amount equal to the applicable percentage of the underpayment so attributable. * * * (c) Valuation Overstatement Defined. -- (1) In general. -- For purposes of this section, there is a valuation overstatement if the value of any property, or the adjusted *453 basis of any property, claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be). Section 167(a) provides for a depreciation deduction with respect to property "used" in a "trade or business" or "held for the production of income." Section 48(a) in general terms limits "section 38 property," for which an investment tax credit is allowable, to property for which a depreciation deduction is allowable. Under these sections as well as more explicit language in other sections and in the regulations, depreciation deductions and investment tax credits are allowable only if the property is placed in service or is available for use during the taxable year. See secs. 38(a), 46(a)(1), 46(c)(2), 48(a), and 167(a) and secs. 1.46-3(d)(1), 1.167(a)-10(b), and 1.167(a)-11(e)(1)(i), Income Tax Regs.
A taxpayer's basis for the property, on the other hand, is a factor in computing the amounts of the depreciation deduction and the investment tax credit. Secs. 46(c) and 167(g); sec. 1.46-3(a) and 1.167(g)-1, Income Tax Regs. If the taxpayer overstates his basis in computing either his depreciation deduction *454 or investment tax credit, an underpayment of tax may ensue. Petitioner contends that, within the meaning of section 6659, his underpayment of tax for 1981 was "attributable to" the fact that the FoodSource container was not placed in service and was not available for use in that year and that, therefore, the addition to tax is not applicable. Respondent recognizes that petitioner is not entitled to the claimed depreciation deduction and investment tax credit because the container was not placed in service and was not available for use in 1981. Respondent argues, however, that petitioner's underpayment of tax was also attributable to his overstatement of his basis for the container. Because of the overstatement of basis, respondent maintains that the addition to tax is applicable. In Todd v. Commissioner,89 T.C. 912 (1987), on appeal (5th Cir., Jan. 26, 1988), this Court was faced with similar contentions involving almost identical facts with respect to a FoodSource container. In the light of a careful analysis of the language and legislative history of section 6659 and the related section 6621(c) (previously sec. 6621(d)), this Court held that the underpayments *455 of tax in that case were not "attributable to" an overstatement of basis but to the fact that the container was neither placed in service nor available for use in the tax year before the Court. We adhere to that holding. In view of the stipulation that petitioner's basis for the container was $ 4,500, petitioner's overstatement of its basis alone would not support a denial of the entire depreciation deduction and investment tax credit claimed on his return. In contrast, the failure to place the container in service or have it available for use in the tax year supports a denial of the full amount of the deduction and credit. Petitioner is not entitled to any depreciation deduction or investment tax credit with respect to the container for 1981 regardless of whether its basis was overstated, understated, or correctly stated. In such circumstances, it is more reasonable to conclude that the underpayment was not "attributable to" the basis overstatement but to the failure to meet the more fundamental requirement that the container must be placed in service or available for use in the tax year. In Todd v. Commissioner, supra at 917, the Court pointed out that section *456 6621(c), previously section 6621(d), provides for additional interest on underpayments of tax attributable to tax motivated transactions, including "any valuation overstatement (within the meaning of section 6659(c))." Section 301.6621-2T, A-5, Proced. & Admin. Regs. (Temporary), 49 Fed. Reg. 59394 (Dec. 28, 1984), sets forth a formula for determining the amount of the underpayment attributable to a tax motivated transaction. The Court summarized the procedure for making the determination as follows (89 T.C. at 918): Under the first step (1), we calculate the amount of tax liability for each year as if all items had been reported properly, i.e., as if petitioners had not claimed any investment tax credit or depreciation for the container that had not been placed in service during the years in issue. Next (2), without taking into account any adjustments that are attributable to the valuation overstatement, we calculate the amount of tax liability as if all other items had been reported properly. Finally (3) because there is no difference between the amounts calculated under steps (1) and (2), no part of the underpayment is attributable to the valuation *457 overstatement.
Applying that formula here, it is clear that there is no underpayment attributable to an overstatement of basis. Respondent claims that this application of section 6659 imposes the addition to tax on a taxpayer whose property is placed in service during the tax year but not to one whose property was not even though both taxpayers are equally culpable. But the section does not employ a culpability standard. The Court in Todd v. Commissioner, supra at 918, answered a similar argument as follows: We do not agree with respondent that this result is not logical or equitable. The consequence of determining that an asset was not placed in service during the years in issue is to disallow all deductions and investment tax credit relating to that asset. In many cases, presumably including this one, such deductions and credit will be allowable in a later year. To the extent that deductions in a later year are based on a valuation overstatement, they will be subject to the additions to tax under section 6659. * * * For the foregoing reasons and others more fully developed in Todd v. Commissioner, supra, we hold that petitioner is *458 not liable for the section 6659 addition to tax. To reflect the foregoing. An appropriate decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩